PRYOR & MANDELUP, L.L.P.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

*In re*

JENNIFER PUPO SANTANGELO,

Chapter 7
Case No.: 10-78726-ast

　　　　　　　　　Debtor.
--------------------------------------------------------x
ROBERT L. PRYOR, Esq., Chapter 7 Trustee
of the Bankruptcy Estate of Jennifer Pupo Santangelo,

　　　　　　　　　Plaintiff,

　　- against -

Adv. Pro. No.: 11-09096-ast

MICHAEL SANTANGELO,

　　　　　　　　　Defendant.
--------------------------------------------------------x

**REPLY TO DEFENDANT'S AFFIRMATION IN OPPOSITION TO TRUSTEE'S MOTION TO DISMISS AND FOR SANCTIONS**

Plaintiff, Robert L. Pryor, Esq. (the "Trustee") the Trustee of the bankruptcy estate of Jennifer Pupo Santangelo (the "Debtor"), in reply to the Affirmation in Opposition ("Affirmation in Opposition") to the Trustee's Motion Seeking Dismissal of Defendant's Counterclaim and for Sanctions Against the Defendant and his Counsel respectfully represents as follows:

　　1.　　On December 15, 2011, the Trustee filed a motion to dismiss the Defendant's counterclaims with prejudice in opposing sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to supervise and control its own proceedings.

　　2.　　On December 23, 2011 the Defendant filed his Affirmation in Opposition.[1]

　　3.　　The Defendant's opposition appears to be premised on three distinct legal

---

[1] It should be noted that the Defendant has yet again failed to serve a pleading on the Trustee in this case. Although the Affirmation in Opposition was filed with the Bankruptcy Court on December 23, 2011, it was never served on the Trustee. To date the Defendant has never served a pleading on the Trustee in this case as required by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as well as the Local Bankruptcy Rules for the Eastern District of New York. The filing of a pleading alone does not constitute service.

theories: (i) this Court has no jurisdiction to entertain dispositive motions once a motion for withdrawal

of reference has been filed; (ii) the counterclaim as pled states a viable cause of action against the Trustee

because, had the Trustee done his "homework", he would have realized that "even if the property is

transferred back to the Debtor, it cannot be sold, for the property had minimal equity which did not

exceed a homestead exemptions."[2] ; (iii) this Court has no authority to sanction under 28 U.S.C. § 1927;

the Trustee has not made the necessary showing of bad faith to warrant the award of sanctions.  As will

be detailed at length below, the Defendant's objections are without merit.

**I.      The Filing of Motion To Withdraw the Reference Does Not
         Stay the Administration of This Case**

    4.      Bankruptcy Rule 5011 states, in pertinent part:

> (c)    *Effect of Filing of Motion for Withdrawal or Abstention*. The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion  .  .  .

Bankruptcy Rule 5011(c).  See also, In re Kenai Corp., 136 B.R. 59, 60 (S.D.N.Y. 1992) (Motion for

withdrawal of reference did not stay the bankruptcy court from hearing motion for summary judgment

filed after motion to withdraw reference was made); In re The Antioch Company, 435 B.R. 493, 497

(Bankr. S.D.Oh. 2010) (Given the plain language of Rule 5011(c) the stay of bankruptcy court

proceedings while a motion for withdrawal of the reference is considered should be the exception to the

rule) 207 B.R. 499, 501 (Bankr. D.S.C. 1996) ("It is clear from the language of this Rule [FRBP 5011(c)]

that no stay is created simply as a result of the filing of a motion for withdrawal of reference.  Instead,

Rule 5011 specifically states that the administration of the case and proceeding will not be stayed

pending such consideration.").

---

[2] See Defendant's Affirmation in Opposition, ¶ 4.

5.    Given the plain statutory language of Bankruptcy Rule 5011(c) coupled with ample case law, there is no basis for the Defendant's assertion that the Trustee's Motion to Dismiss Defendant's counterclaim as well as for the consideration of sanctions should not go forward.  Indeed, it is noteworthy that the Defendant fails to cite a single case in support of his proposition that the Trustee's motion should not go forward because this Court lacks the jurisdiction to entertain dipositive motions.

6.    Nor is a stay of the proceeding warranted since the Trustee's motion to dismiss is a "core" proceeding.  See In re Heinsohn, 231 B.R. 48, 58 (Bankr. E.D.Tenn. 1999) (Malicious prosecution and defamation action that was filed against former Chapter 7 Trustee was a "core" proceeding, despite the state law nature of the plaintiff's claims since, although, plaintiff's causes of action would exist outside of bankruptcy, they would not have arisen but for the Trustee's obligation and conduct as a bankruptcy trustee.); See also, Schwartz & Cohen v. Weitzman, (In re DeLorean Motor Co.), 155 B.R. 521, 525 (9th Cir. BAP. 1993) (Reversing bankruptcy court decision, appellate concluded that malicious prosecution claim against Chapter 7 trustee arose from efforts of officers of the estate to administer the estate and collect its assets and therefore it impacted the handling and administration of the estate and was a core proceeding).

7.    Moreover, the Supreme Court holding of Barton v. Barbour, 104 U.S. 126, 131, 26 L.Ed. 672 (1881) and the cases interpreting that decision, recognize that "the court that appointed the trustee has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties."   See In re Lehal Realty Associates, 101 F.3d 272 (2d Cir. 1996). Accordingly, the bankruptcy court is the appropriate venue for determining the trustee's motion.  The Barbour Doctrine also requires any party seeking to sue a Trustee to seek and obtain leave of the Bankruptcy Court prior to commencing the action.  Defendant has never obtained leave of this Court and

3

the Counterclaim is therefore improper.

## II.    The Trustee May Avoid The Transfer of Exempt Property

8.    Defendant imposes the Trustee's motion to dismiss his counterclaim by contending that the claim asserts a viable cause of action against the Trustee for failing to do his "homework". Had the Trustee done his homework, the argument goes, the Trustee would have realized that the value of the Debtor's interest in the property transferred to her husband "had minimal equity which did not exceed the homestead exemptions." See Opposition at ¶ 4.[3]

9.    Unfortunately however, the Defendant's belief that the Debtor is entitled to a homestead exemption is simply incorrect as transfers of potentially exempt property are subject to avoidance as fraudulent transfers. See In re Smoot, 265 B.R. 128, 136 (E.D.Va. 1999). In In re Smoot, the bankruptcy court conducted an analysis of the various holdings of other courts on this issue and concluded that:

> A majority of courts that have considered the issue have noted that the 'no harm, no foul' approach seemed more appropriate under the old Bankruptcy Act in which exempt property was not part of the bankruptcy estate. See, e.g., In re Wickstrom, 113 B.R. 339, 350 (Bankr. W.D.Mich. 1990).    In contrast, under the 1978 Bankruptcy Code, all property, including potentially exempt property, is part of the bankruptcy estate until the debtor claims an exemption. See, 11 U.S.C. § 541(a) a debtor is entitled to claim an exemption after a transfer has been avoided only if specified criteria have been met. . . . Consequently, a transfer potentially exempt property could harm creditors.
>
> Moreover, the plain language of § 522(g) appears to expressly contemplate this result by enabling debtor to claim an exemption on property recovered by a trustee if debtor could have exempted the property had it not

---

[3] Even assuming that a failure to do "homework" is a properly plead cause of action, it is certainly not the basis for either an abuse of process or malicious prosecution claim.

been transferred. <u>See</u>, 11 U.S.C. § 522(g). Accordingly, this court holds that it is possible for a fraudulent transfer of potentially exempt property, whether infected by actual fraud or constructive fraud, to be subject to avoidance pursuant to § 548.

<u>In</u> <u>re</u> <u>Smoot</u> at 136-137.

10.    Section 522(g) states, in pertinent part:

Notwithstanding Sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property of that the trustee recovers under Sections 510(c)(2), 542, 543, 550, 551 or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property . . . "

11.    In the instant case, the Trustee alleges that the Defendant fraudulently conveyed her interest in the Real Property to her husband.  Thus, since that transfer was a voluntary transfer, the Debtor could not claim an exemption in the property recovered by the Trustee as a fraudulent conveyance.  The same reasoning applies to transfers made within the preference period.  <u>See</u> <u>In</u> <u>re</u> <u>Ruel</u>, 475 B.R. 164, 172 (Bankr. D.Mass. 2011).  In <u>Ruel</u> the Trustee sought to avoid the transfer by the debtor of a mortgage on her home to secure payment of a promissory note for the benefit of her siblings.  The bankruptcy court was asked to address the question of whether the fact that the transferred interest of the debtor in property was exempt from creditors would be sufficient to prevent the avoidance of the transfer under § 547(b).  As the <u>Ruel</u> court stated:

This issue has been addressed at length by other courts. As [trustee]argues and the court is persuaded, the weight and clear direction of authority in this issues favors rejection of the "no harm, no foul, defense."  The starting point for this conclusion is the statutory

language of § 547(b) itself, which asks simply whether there was a transfer "of an interest of the debtor in property." It does not ask whether the property would have become property of the estate; and it makes no exception for property of that was exempt under non-bankruptcy law at the time of the transfer. Section 547 does list a number of affirmative defenses in subsection 547(c), but not one for exempt assets. Therefore, the defense now being urged upon the court would amount to a policy-based departure from the plain meaning of the statute. Nor is that plain meaning plainly absurd where irrational; a creditor can hardly plead that an asset was exempt where the debtor herself did not treat the property as exempt but used it to pay a creditor, in effect waiving any claim of exemption as to the asset. <u>In re Noblit</u>, 72 F.3d 757 (9th Cir. 1995). For this reason and those more fully articulated in <u>Noblit</u> and in the article [trustee] cites, I hold that the exemptible nature of the transferred property is not cause to bar the avoidance of the transfer under § 547(b). Agin has therefore satisfied each of the six requirements enumerated above for the avoidance of a transfer as preferential.

<u>In</u> <u>re</u> <u>Ruel</u>, 547 B.R. at 171.

12.    Such an interpretation is reinforced by the fact that § 522(g) does not include in it property recovered under § 547 as property in which a debtor, under certain circumstances, may claim an exemption even after that asset is recovered by the Trustee.

13.    Given the foregoing, it is clear that under any reading of the Debtor's counterclaim, the Debtor has failed to state a viable cause of action upon which relief may be granted.

**III.    <u>Bankruptcy Courts are Authorized to Impose Sanctions</u>**

14.    The Defendant argues, in its opposition, that the Bankruptcy Court lacks the authority to issue sanction pursuant to 28 U.S.C. § 1927 because bankruptcy courts are non-Article III courts. The Defendant cites to no authority in the Second Circuit in support of this proposition. This is likely because courts of the Second Circuit have uniformly held that a bankruptcy court may sanction attorneys pursuant to 28 U.S.C. § 1927. <u>See generally</u>, <u>Matter of Cohoes Indus. Terminal, Inc.</u>, 931 F.2d

222, 229 (2d Cir. 1991) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorneys actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.' " quoting Oliveria v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)); In re Eatman, 182 B.R. 386, 396 (Bankr. S.D.N.Y. 1995); In re Spectee Group, Inc., 185 B.R. 146, 158 (Bankr. S.D.N.Y. 1995).

15.     Moreover, Defendant ignores the fact that this Court may impose sanction under its own inherent power.  "A court has inherent authority to supervise and control its own proceedings, and to require the payment of the other parties attorneys fees by one who has 'acted in bad faith, vexatiously, wantonly, or for other oppressive reasons.' "  In re Spectee Group, Inc., 185 B.R. at 154, citing, Oliveria v. Thompson, 803 F.2d at 1272.  In fact, as the court in In re Spectee Group, Inc. noted, the bankruptcy court's inherent authority is more far reaching than its authority under 28 U.S.C. § 1927. "It is not limited to bad faith filing; the court can award sanctions either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons.  . . .  further, the court can award sanctions under its inherent authority against an attorney as well as a party." In re Spectee Group, Inc., 185 B.R. at 152 (internal citations omitted).

16.     It is therefore unequivocally clear that this Court is authorized to award sanctions against the Defendant and his counsel as is warranted.

IV.     **Trustee Has Established that Sanctions are Warranted**

17.     In addition to asserting that this Court has no authority to issue sanctions pursuant to 28 U.S.C. § 1927, the Defendant also argues that the Trustee has failed to establish cause for the imposition of sanctions.  Specifically, the Defendant argues that the Trustee has not established any indicia of bad faith in the motion.  This is clearly incorrect.  The motion details several actions by Defendant's counsel which, taken both independently and when viewed as a whole, warrant the

imposition of sanctions.  First, "bad faith may be inferred where the action is completely without merit."

In re 60 East 80th Street Equities, Inc., 218 F.3d 109, 117 (2d Cir. 2000), citing, International Bhd. of

Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991).  Here, the trustee has shown that the Defendant's

counterclaim for abuse of process is completely without merit since, as an initial matter, the service of

a summons and complaint is not the type of process subject to abuse.  See, Kalso Systemet, Inc. v.

Jacobs, 474 F.Supp. 666 (S.D.N.Y. 1979) and the other cases cited in the Trustee's Memorandum of Law.

The Defendant in his opposition simply ignores this key fact and simply asserts "Trustee commencing

a lawsuit as here issued or triggered a process and it ask for turnover of the deed and monetary

compensation." See, Defendant's Opposition at ¶ 4.  It is obvious that the Defendant himself cannot even

justify the filing of a action for abuse of process where the process involved is the issuance of a summons

and complaint.  In fact, the only allegation of wrong doing that the Defendant can muster is the Trustee's

failure to do his "homework" in order to determine that there would be no equity above the homestead

exemption should the Trustee be successful in returning the property to the bankruptcy estate.  Here

again, the clear evidentiary language of 11 U.S.C. § 522(g) as well as the holding of the numerous cases

cited above, establishes that the Debtor cannot avail herself of an exemption to property voluntary

conveyed pre-petition.  Therefore, the notion that the Trustee did not do his "homework", to the extent

that such an allegation would otherwise be actionable, is patently false and the Defendant's interpretation

of the law is wholly without support.  The Defendant's counterclaim is therefore meritless and sufficient

to sustain an award of sanctions.  This is also true because the Defendant was provided ample

opportunity to withdraw the counterclaim but failed to do so.  See, Exhibit "D" to the Trustee's Motion

to Dismiss.

        18.     In addition to the filing of a meritless counterclaim, the Defendant has failed, on

every single occasion, to properly serve the Trustee with any pleadings to date.  There is not a single

affidavit of service filed with this Court to establish that the Trustee was ever properly served.  These actions, together with the Defendant's failure to timely file an answer to the complaint or to timely oppose the Trustee's motion for a default judgment warrant the imposition of sanctions.  <u>See</u> <u>In</u> <u>re</u> <u>Volpert</u> <u>v. Ellis</u> (<u>In</u> <u>re</u> <u>Volpert</u>), 177 B.R. 81 (Bankr. N.D.Ill. 1995) (Monetary sanctions against counsel for unreasonably multiplying proceedings were warranted, given unjustified delay in answering certain counts of complaint, even after having obtained relief from default or, impropriety of answer ultimately filed, and repeated failure to serve opposing counsel with notice of documents and motions filed with the court.).  Thus, the Trustee has established the imposition of sanctions are warranted in this case.

**WHEREFORE,** for the foregoing reasons it is respectfully requested that this Court grant the Trustee's motion to dismiss the counterclaim and awarding sanctions, together with such other and further relief as this Court deems just and proper.

Dated:  Westbury, New York
      January 5, 2012

                                          PRYOR & MANDELUP, L.L.P.
                                          Attorneys for Chapter 7 Trustee

                            By:    ***/s/ Anthony F. Giuliano***
                                          Anthony F. Giuliano
                                      675 Old Country Road
                                      Westbury, New York  11590
                                        afg@pryormandelup.com