UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Jennifer Pupo Santangelo,                              Case No.: 10-78726-ast
                                                       Chapter 7
                          Debtor.
-------------------------------------------------------X
Robert L. Pryor, Chapter 7 Trustee of the
Estate of Jennifer Pupo Santangelo,

                          Plaintiff,

    - against -                                      Adv. Pro. No.: 11-9096-ast

Michael Santangelo,

                          Defendant.
-------------------------------------------------------X

## DECISION AND ORDER DISMISSING DEFENDANT'S COUNTERCLAIM, AND DENYING PLAINTIFF'S MOTION TO STRIKE THE JURY DEMAND

Before the Court are two motions filed by Robert L. Pryor (the "Plaintiff"), Chapter 7 Trustee of the bankruptcy estate of Jennifer Pupo Santangelo, the above-captioned debtor (the "Debtor"). The first motion seeks to dismiss or withdraw with prejudice the counterclaim (the "Counterclaim") filed by the defendant, Michael Santangelo (the "Defendant"), and seeks attorney's fees and expenses incident thereto ("Motion to Dismiss Counterclaim"). [dkt item 20] Plaintiff's second motion seeks to strike Defendant's jury demand as untimely ("Motion to Strike Jury Demand"). [dkt item 28]  Defendant opposes both Motions. [dkt items 24, 31]  For the reasons set forth below, the Motion to Dismiss Counterclaim is granted without prejudice to Defendant refiling the Counterclaim if and when Defendant prevails on the claims asserted by Plaintiff in this adversary proceeding, and the Motion to Strike Jury Demand is denied.

Order - 1

**Background and Procedural History**

This adversary proceeding was commenced on June 2, 2011. The Defendant is Debtor's estranged spouse. The complaint (the "Complaint") [dkt item 1] alleges that, by virtue of a prepetition transfer that occurred less than two (2) years prior to the petition date, Defendant received Debtor's interest in the couple's former marital residence in exchange for Defendant satisfying or assuming certain student loan obligations owed by Debtor. [dkt item 1, at ¶¶ 9-13] The Complaint seeks to avoid this prepetition transfer pursuant to §§ 542, 544, 547(b), 548(a), 550 and 551 of title 11 of the United States Code (the "Bankruptcy Code"), and New York State Debtor and Creditor Law.

The summons and Complaint were served upon Defendant on June 6, 2011. [dkt item 3]

On July 23, 2011, after the time to answer had run, and no answer or responsive pleading having been filed, Defendant filed an emergency motion with this Court seeking the withdrawal of the reference by the United States District Court for the Eastern District of New York (the "District Court") and requesting a "jury trial by an Article III court" (the "Motion to Withdraw Reference"). [dkt item 5, at ¶ 2] The Motion to Withdraw Reference was transmitted to the District Court on July 26, 2011. [dkt item 6][1]

On July 28, 2011, Plaintiff filed a motion for default judgment, based on Defendant's failure to timely file a responsive pleading, which provided an objection deadline of August 31, 2011, and which was to be presented for signature on September 6, 2011 (the "Default Judgment Motion"). [dkt item 7]

On September 5, 2011, Defendant filed an answer to the Complaint (the "Answer"). [dkt item 9] The Answer includes a demand for a jury trial, and asserts a Counterclaim against

---

[1] The District Court case is Pryor v. Santangelo, 11-mc-00561-JFB.

Plaintiff for abuse of process and seeks sanctions. [dkt item 9, at ¶¶ 17-19]  Defendant alleges that Plaintiff "did not put forward any material fact which could have been a basis for or even alleging a fraudulent transfer," and seeks dismissal of the adversary proceeding. [dkt item 9, at ¶ 18]  Defendant did not serve the Answer on Plaintiff.

Also on September 5, 2011, Defendant filed an affirmation in opposition to Plaintiff's Default Judgment Motion. [dkt item 10]

Because Defendant had filed the Answer, albeit untimely, this Court denied Plaintiff's Default Judgment Motion by Order dated September 23, 2011. [dkt item 12]

On October 12, 2011, Plaintiff filed a reply to the Counterclaim arguing that Defendant's Counterclaim fails to state a claim upon which relief can be granted and asserting that Defendant's request for a jury trial was untimely. [dkt item 13]

On October 13, 2011, the Court issued an Initial Adversary Scheduling Order setting discovery deadlines and scheduling a pretrial conference for December 20, 2011. [dkt item 14]

On December 15, 2011, Plaintiff filed the Motion to Dismiss Counterclaim by notice of presentment and an accompanying memorandum of law. [dkt items 20, 21]  Plaintiff argues that Defendant fails to state a cause of action under Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because the only process issued in this adversary proceeding are the summons and Complaint, which are not capable of being abused.  Plaintiff also argues that to the extent Defendant's actual allegation is malicious prosecution, such an allegation is untimely because a claim for malicious prosecution lies "only when the judicial proceeding begun in malice, without probable cause, . . . finally ends in failure.  It cannot be asserted as a counterclaim in the very action it challenges as malicious." [dkt item 20, at ¶ 24 (quoting *Kalsco Systemet, Inc*., 474 F. Supp. 666, 670 (S.D.N.Y. 1979)]

Order - 3

On December 16, 2011, Defendant filed a separate Demand for Jury Trial in an Article III Court, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. [dkt item 23]

A pretrial scheduling conference was held on December 20, 2011.

On December 23, 2011, Defendant filed an affirmation in opposition to Plaintiff's Motion to Dismiss Counterclaim, asserting that he had established a claim for abuse of process because there was a regularly issued process served by Plaintiff with the intention of intimidating Defendant into settling, and with the collateral objective of causing Defendant fear that he might lose his house if he does not settle. [dkt item 24]

Defendant filed a reply brief regarding the Withdraw of Reference Motion on December 26, 2011. [dkt item 25]

Plaintiff filed a reply and amended reply in support of his Motion to Dismiss Counterclaim on January 5, 2012 and January 6, 2012, respectively. [dkt item 26, 27]

On January 10, 2012, Plaintiff filed the Motion to Strike Jury Demand by notice of presentment. [dkt item 28]   Plaintiff argues that: (1) Defendant's jury demand was untimely pursuant to Federal Rule of Civil Procedure 38(b) and Bankruptcy Rule 9015; (2) Defendant waived his right to a jury trial through voluntary submission to the Court's jurisdiction by filing the Counterclaim; and (3) Plaintiff's causes of action are equitable in nature and there is no right to a jury trial on equitable actions.  Plaintiff also seeks to distinguish the United States Supreme Court's holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

On January 17, 2012, this Court issued a Pretrial Scheduling Order, scheduling a final pretrial conference for August 14, 2012, at 2:00 p.m., and setting August 22, 2012 as the date for trial of this adversary proceeding. [dkt item 29]

Defendant filed an affirmation in opposition to the Motion to Strike Jury Demand on January 18, 2012. [dkt item 31]   Initially, Defendant argues that this Court does not have jurisdiction to decide this motion.  Defendant also argues that: (1) he has not submitted to the bankruptcy court's jurisdiction; (2) he invoked his right to be heard by an Article III court; (3) he demanded a jury trial; and (4) the right to a jury trial is coextensive to Article III adjudication.

Finally, the Court notes that Defendant has not filed a proof of claim in Debtor's main bankruptcy case, 10-78726-ast.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (E), (F), (H), and (O), and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986.  Although Defendant has filed a Motion to Withdraw Reference, the District Court has not yet ruled on that Motion. Pursuant to Bankruptcy Rule 5011(c), "the filing of the motion for withdrawal . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge . . . ."  FED. R. BANKR. P. 5011(c).

The following constitutes this Court's findings of facts and conclusions of law to the extent Bankruptcy Rule 7052 so requires.  FED. R. BANKR. P. 7052.

## Motion to Dismiss Counterclaim

Defendant's Counterclaim for abuse of process is untimely at this stage in the litigation because this adversary proceeding has not been finally terminated in Defendant's favor, and because Defendant has not alleged any special injury. *See Kaslof v. Global Health Alternatives, Inc.*, 2000 U.S. Dist. LEXIS 21053, at *62-70 (E.D.N.Y. June 29, 2000); *Bank of Boston Int'l v. Arguello Tefel*, 644 F. Supp. 1423, 1430 (E.D.N.Y. 1986); *Kalsco Systemet, Inc. v. Jacobs*, 474 F. Supp. 666, 670 (S.D.N.Y. 1979).  Therefore, Defendant's Counterclaim will be dismissed

without prejudice to Defendant refiling a claim for abuse of process or malicious prosecution against Plaintiff if and when Defendant prevails on the claims asserted by the Plaintiff in this adversary proceeding.

Based on the forgoing, it is hereby

**ORDERED**, that Defendant's Counterclaim is hereby DISMISSED without prejudice to Defendant refiling a claim for abuse of process or malicious prosecution against Plaintiff if and when Defendant prevails on the claims asserted by the Plaintiff in this adversary proceeding; and it is further

**ORDERED**, that the balance of Plaintiff's Motion to Dismiss Counterclaim seeking attorney's fees and costs is hereby DENIED without prejudice, should Defendant refile such a Counterclaim.

## Motion to Strike Jury Demand

This Court has jurisdiction to decide the Motion to Strike Jury Demand pursuant to 28 U.S.C. §§ 1334(b) and 157(b), and Bankruptcy Rule 5011(c). FED. R. BANKR. PRO. 5011(c); s*ee Finger v. County of Sullivan Indus. Dev. Agency (In re Paramount Hotel Corp.,)*, 319 B.R. 350, 357 (Bankr. S.D.N.Y. 2005).

This Court has determined that Defendant Michael Santangelo has properly invoked his right to a jury trial pursuant to the Seventh Amendment of the United States Constitution because Defendant asserted a demand for jury trial in the first pleading he filed with the Court, which clearly demanded a jury trial. While Plaintiff argues that Defendant failed to timely demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, courts in this circuit have permitted untimely jury demands when the opposing party had actual notice and suffered no prejudice as a result of an untimely jury demand. *Palmer v. Angelica Healthcare Servs.*

*Group,* 170 F.R.D. 88, 89-90 (N.D.N.Y 1997); *see Raymond v. IBM*, 148 F.3d 63 (2d Cir. 1998). Defendant is entitled to a jury trial, at a minimum, on the preference and fraudulent transfer claims asserted by Plaintiff under §§ 547 and 548 of the Bankruptcy Code. *Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) ("a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate"); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989) ("the Seventh Amendment entitles such a person to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings'").[2] Absent consent of both parties and designation by the District Court, this Court cannot conduct a jury trial in this adversary proceeding. 28 U.S.C. § 157(e); FED. R. BANKR. PRO. 9015.

Based on the forgoing, it is hereby

**ORDERED**, that Plaintiff's Motion to Strike Jury Demand is hereby DENIED; and it is further

**ORDERED**, that the portions of this Court's Pretrial Scheduling Order dated January 17, 2012 [dkt item 29], which set August 7, 2012 as the deadline to file a joint pretrial memorandum, which scheduled a final pretrial conference for August 14, 2012, and which set August 22, 2012 as the date for trial of this adversary proceeding, are hereby VACATED; the remainder of the Pretrial Scheduling Order remains in effect; and it is further

---

[2] Because Defendant did not file a proof of claim in Debtor's main bankruptcy case, the Court does not need to reach, and does not reach, the issue of whether Defendant waived his right to jury trial by filing a proof of claim. *Langenkamp* 498 U.S. at 45; *In re CBI Holding Co.*, 529 F.3d 432, 465-68 (2d Cir. 2008).

**ORDERED**, that the Court hereby sets **July 31, 2012**, as the deadline for the parties to file motions for summary judgment; any response to a motion for summary judgment shall be filed by **August 31, 2012**; and a reply may be filed by **September 14, 2012**.

**Dated: February 10, 2012**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**